IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-134-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FRANK GILES MCCREE ) | |

This matter comes before the court on defendant's motion for reconsideration of the court's order denying release from custody pursuant to Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure and the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3164. (DE 69). The issues raised are ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

On October 11, 2017, defendant was indicted on three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951; three counts of using, carrying and brandishing a firearm during and in relation to, and possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924. Defendant was arrested by federal authorities on October 24, 2017; initial appearance was held later that same day. Arraignment was set for the term of court commencing December 12, 2017.

At initial appearance, counsel was appointed for defendant and the government moved that defendant be detained pending trial. After receiving evidence from the parties at evidentiary hearing, the court granted the government's motion on November 1, 2017. Later that same day, the federal public defender moved to withdraw on grounds that it learned of a conflict of interest

that would arise if it continued to represent defendant. The court granted the motion to withdraw and directed the federal public defender to appoint new counsel to represent defendant. On November 9, 2017, defendant's new attorney, from the court's approved panel, entered his appearance.

On November 27, 2017, and January 18, 2018, defense counsel filed motions to enlarge time to file pretrial motions and to continue arraignment. Counsel represented that he recently received discovery, that discovery consists of numerous volumes of written discovery as well as audio and video files, and that he required additional time to review the evidence with defendant. The court granted the motions and excluded the delay from speedy trial computation by finding that the ends of justice served by granting these continuances outweighed the best interests of the public and the defendant in a speedy trial.

On February 8, 2018, defense counsel filed motion for a determination of the mental competency of defendant to stand trial pursuant to 18 U.S.C. § 4241, representing that he had reasonable cause to believe that defendant was suffering from a mental disease or defect rendering him mentally incompetent. The next day, the court ordered that a psychiatric or psychological examination of defendant be conducted pursuant to 18 U.S.C. § 4247(b) in order to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent, and excluded the delay from speedy trial computation.

Several weeks after ordering competency evaluation, defense counsel again sought an extension of time to file pre-trial motions and to continue arraignment, citing the forthcoming evaluation of defendant's mental status. The court granted the motions and found that the ends of justice served by granting of this continuance outweigh the best interests of the public and the

2

Case 7:17-cr-00134-FL   Document 70   Filed 06/04/20   Page 2 of 11

defendant in a speedy trial. Recognizing that defendant would be unable to proceed if found incompetent, and the parties reasonably would require additional time to prepare for trial after defendant's competency evaluation and hearing were completed, the court on its own initiative noticed counsel on May 10, 2018, that "[a]rraignment, currently scheduled for the June 12, 2018 term of court, will be continued until defendant's competency evaluation has been completed. Speedy trial time excluded."

Defense counsel requested continuances of defendant's competency hearing on July 6, 2018, and September 5, 2018, explaining that he required additional time to confer with defendant regarding defendant's psychiatric report received June 27, 2018. The court granted each of these continuances, finding that the ends of justice served by granting of these continuances outweighed the best interests of the public and the defendant in a speedy trial. Defense counsel again requested a continuance of defendant's competency hearing on November 5, 2018, citing his obligation to appear before this court in another matter in Raleigh, North Carolina. The court granted defendant's motion and found the ends of justice served by granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

At competency hearing on January 16, 2019, the government accepted the findings contemplated in the competency report without objection from defendant, the court determined that defendant was competent to proceed, and arraignment was set for the April 2019 term of court at the request of the parties.

On April 1, 2019, defense counsel moved to continue arraignment, explaining that plea negotiations were in progress and counsel needed additional time to meet and discuss same with the defendant. The court granted the motion, continued arraignment to July 2019, and found that

3

the ends of justice served by granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. Approximately one week before arraignment in July 2019, counsel for the government, then the only prosecutor of record, moved to continue arraignment from July 2019 to August 2019, explaining that counsel was out of state on leave the entire week of arraignment. The court granted the motion, continued defendant's arraignment to September 2019, and found that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial.

Defense counsel filed motion to withdraw on September 4, 2019, explaining that communications with defendant created a conflict of interest for defense counsel, which directly impacted counsel's ability to take substantive action in the representation of defendant. The court granted the motion one week later and directed the federal public defender to appoint new counsel. Two weeks later, defendant's current counsel entered his notice of appearance.

After several other continuances requested by his current counsel and excluded from speedy trial computation under the ends of justice exclusion, defendant filed his motion for release from custody for violation of the Speedy Trial Act on May 28, 2020. After eliciting expedited response from the government, the court denied defendant's motion, holding that the applicable time period for a violation had not elapsed, and that defendant failed to show that neither he nor his counsel was not at fault. Defendant filed the instant motion for reconsideration on June 3, 2020.

## DISCUSSION

A.   Standard of Review

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Fourth Circuit has acknowledged that, in certain circumstances such as rehearing of orders in criminal proceedings, district courts have the inherent authority to decide motions for reconsideration. United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010). In addressing such motions, courts, by analogy, are guided by the standards established by the civil rules, that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.... Motions to reconsider are not proper where the motion merely asks the court to rethink what the Court had already thought through rightly or wrongly." DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (interior citations omitted); see United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion [to reconsider] is nothing more than a request that the district court change its mind, however, it is not authorized....").

B.  Analysis

After failing to contest specific exclusions to speedy trial computation in his original motion, defendant on reconsideration posits that, in addition to the 41 days of included time identified in the court's prior order, three periods of time excluded from speedy trial computation should have been included. Those periods are: 1) the period of delay occasioned by former defense counsel's motion to continue competency hearing in November 2018 because counsel was in federal court in Raleigh that same day and unable to appear in New Bern, 2) the period between disposition of his competency motion and subsequent setting of arraignment, and 3) the period of delay caused by the government's filing of a motion to continue in July 2019 due to counsel being on vacation.

"The trial or other disposition of cases involving--a detained person who is being held in detention solely because he is awaiting trial . . . shall be accorded priority." 18 U.S.C. § 3164(a)(1). Trial of such persons "shall commence not later than ninety days following the beginning of such continuous detention[.] The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." Id. § 3164(b). "Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel, . . . shall result in the automatic review by the court of the conditions of release." Id. § 3164(c). "No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." Id.

The Speedy Trial Act provides several different exclusions from the 90-day time period relevant to determining if more than 90 includable days have elapsed the instant case. First, the court excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). This automatic exclusion is a broad one: "[w]ith the word 'including,' Congress indicated that other competency-related proceedings besides 'examinations' might fall within subparagraph (A)'s automatic exclusion." Bloate v. United States, 559 U.S. 196, 206 (2010). Thus, "the period of excludable delay under § 3161(h)(1)(A) begins when a party moves for, or the court sua sponte orders, a competency determination. The excluded time continues at least until a competency hearing is held." United States v. Graves, 722 F.3d 544, 548–49 (3d Cir. 2013) (collecting cases).

Second, the court excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exception excludes from speedy trial calculations "the period

6

between [a pretrial motion's] filing and its resolution. United States v. Riley, 991 F.2d 120, 124 (4th Cir. 1993). "[T]he filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." United States v. Tinklenberg, 563 U.S. 647, 650 (2011); Henderson v. United States, 476 U.S. 321, 326–27 (1986).

Third, the court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In granting an exception under the "ends of justice" provision, the court must make findings based on several nonexhaustive factors, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). The court also may consider whether proceeding "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[1] 18 U.S.C. § 3161(h)(7)(B)(iv). "The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the

---

[1] For example, delay reasonably necessary to allow defendant the opportunity to prepare and file pretrial motions is excludable from speedy trial computation, provided that the court make specific findings required under (h)(7). See Bloate, 559 U.S. at 214; United States v. Jarrell, 147 F.3d 315, 318 (4th Cir. 1998).

7

court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008) (quoting United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994)); see United States v. Mir, 525 F.3d 351, 358 (4th Cir. 2008). "The best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner v. United States, 547 U.S. 489, 507 n. 7 (2006).

With these foregoing principles in mind, the court turns first to former defense counsel's request to continue competency hearing from November 14, 2018, to January 16, 2019, due to a conflict with another appearance in Raleigh. This continuance is properly excluded from speedy trial computation on multiple grounds. First, the competency hearing exclusion from speedy trial time under § 3161(h)(1)(A) excludes at least February 8, 2018, to January 16, 2019. Graves, 722 F.3d at 548–49. Similarly, the pretrial motions exclusion under § 3161(h)(1)(D) excludes the period from February 8, 2018, to January 18, 2019, the day the court issued its order on defendant's competency motion. See Riley, 991 F.2d at 124. Finally, the ends of justice exclusion under § 3161(h)(7)(A) applies to November 14, 2018, to January 16, 2019. The court continued defendant's competency evaluation[2] because defense counsel was unable to appear in federal court due to another case. It is clear from the record that the court conducted the mandatory balancing, where defense counsel's absence "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and would otherwise deny defendant effective representation at his competency hearing. See 18 U.S.C. § 3161(h)(7)(B). Thus, the court rejects

---

[2] The court clarifies that it construes "competency evaluation" to mean the court's evaluation, not merely the completion of the psychiatric examination under 18 U.S.C. § 4247(b). Defendant's competency is not evaluated solely on the basis of the psychiatric report, see id. § 4247(c), but is finally determined at competency hearing after opportunity to present evidence is given to both parties. Id. § 4247(d).

8

defendant's position that the delay caused by continuance of his competency hearing from November 2018 to January 2019 is included in speedy trial computation.

Second, defendant contends that "there does not appear to be any finding or order entered by the court" that the period from January 19, 2019, to March 31, 2019, is excluded from speedy trial computation.[3] (Mot. for Reconsideration (DE 69) at 2–3). However, the court on its own motion granted a continuance under the ends of justice exception extending from June 12, 2018, to April 8, 2019. Specifically, the court noticed counsel on May 10, 2018, that "[a]rraignment, currently scheduled for the June 12, 2018 term of court, will be continued until defendant's competency evaluation has been completed. Speedy trial time excluded." Moreover, it is clear from the record that, at the time the court continued arraignment to after defendant's competency hearing, it conducted the mandatory balancing required under the ends of justice exclusion. Where defendant's competency was in question, the court's order continuing arraignment to after disposition of defendant's competency motion was predicated on concerns that defendant could not proceed to arraignment and trial in the instant action. See 18 U.S.C. § 3161(h)(7)(B)(i); Ryan v. Gonzales, 568 U.S. 57, 67 n.4 (2013); Godinez v. Moran, 509 U.S. 389, 396 (1993). Defense counsel also represented to this court in prior filings that defendant's case involved voluminous discovery and potential pretrial motions, giving the court additional reason to believe that defense counsel required reasonable time after the competency hearing to effectively prepare for arraignment and trial. See 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the ends of justice served by

---

[3] Counsel for the defendant appears to miscalculate the period of time in issue. The court construes defendant's argument to be that January 19, 2019, to April 7, 2019, less the one day on April 1, 2019, that former counsel filed his motion for continuance, are includable in speedy trial computation. The court reaches this conclusion based on the continuance ordered on the face of the April 1, 2019, motion.

continuance of arraignment from June 2018 to April 2019 on May 10, 2018, outweighed the interests of the public and the defendant, supporting exclusion of that time from speedy trial computation. 18 U.S.C. § 3161(h)(7)(A).

As to these first two continuances, defendant also fails to show that he or is counsel are not at least partially at fault for the above continuances. See, e.g., United States v. Howard, 590 F.2d 564, 568–69 (4th Cir. 1979); United States v. Loe, 586 F.2d 1015, 1019 (4th Cir. 1978). Former defense counsel, then acting on defendant's behalf, is the one that filed the motion calling into question defendant's competence. Defense counsel is the one that sought continuance of competency hearing in November 2018. And defense counsel, in consultation with the government, requested at competency hearing that arraignment be held at the April 2019 term of court. Thus, relief from custody cannot issue based on the first two continuances challenged by defendant under § 3164(c).

Third, defendant challenges the court's order granting the government's motion to continue arraignment from July 2019 to September 2019 due to counsel for the government being out of town the week of arraignment on vacation. Here too, the court conducted the mandatory balancing required by the Speedy Trial Act in granting the ends of justice exception. The face of the motion indicated that counsel for the government, then the only attorney of record for the prosecution, was unavailable the entire July term of arraignment due to a vacation with his family. At that time, no other continuances had been sought by the government. The court's ends of justice exclusion was supported by considerations of continuity of counsel and an implicit request for reasonable time necessary for effective preparation, including appearance at hearing, by continuance of

10

arraignment to the next available term of court,[4] taking into account the exercise of due diligence by the government in prosecuting the action through July 2019. See 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the court properly excluded from speedy trial computation the time from July 2019 to September 2019.

Even assuming arguendo that the government's continuance was not excludable from speedy trial computation, no violation of § 3164(b) would result. As noted in the court's prior order, defendant was arrested October 24, 2017. Approximately 41 included days elapsed from November 2, 2017, through December 13, 2017, excluding November 27, 2017. If the government's July 2019 continuance were included, the court would include July 25, 2019, through September 3, 2019,[5] or approximately 41 additional days. As this would not exceed the 90-day limit imposed by § 3164(b), defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration (DE 69) is DENIED.

SO ORDERED, this the 4th day of June, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[4] The government requested that the case be continued to the court's August 2019 term. The court ordered that arraignment be continued to the September 2019 term.

[5] Former defense counsel's motion to withdraw separately triggered the pretrial motions exclusion and thereby excluded from speedy trial computation September 4, 2019, through September 11, 2019.