IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-134-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FRANK GILES MCCREE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on July 1, 2020, for initial appearance on superseding indictment and defendant's scheduled arraignment. At hearing, defendant made oral motion for appointment of new counsel, complaining that his attorney had promised to visit him at his detention facility and failed so to do. The court then heard from counsel, who represented efforts to communicate with defendant and discuss his initial appearance on superseding indictment and arraignment. Counsel was willing to continue to represent defendant but noted defendant had just made threats against him. When asked if defendant would be able to work with counsel, defendant indicated that he would not. In view of the representations at hearing, defendant's oral motion was ALLOWED with the court's admonishment to defendant that he respect efforts of counsel and assist his new lawyer in providing representation.

The federal public defender is DIRECTED to appoint defendant new counsel. Furthermore, within three days of appointment of counsel, prior counsel will facilitate transfer of all discovery to new counsel, as agreed. Initial appearance on superseding indictment is CONTINUED to the July 13, 2020, term of court.

The court indicated to the parties that arraignment would proceed before a magistrate judge at the August 2020 term of court; however, upon further reflection where on June 4, 2020, defendant refused to consent to arraignment before a magistrate judge, the court had cause to reconsider that setting. Because arraignment is "fraught with constitutional concerns, a defendant must clearly waive his right to have such proceedings conducted by an Article III judge." United States v. Osborne, 345 F.3d 281, 288 (4th Cir. 2003) (citing United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992)); see also United States v. Benton, 523 F.3d 424, 432 (4th Cir. 2008) ("[A] defendant's consent waives any individual right to demand an Article III tribunal."). On June 4, 2020, when defendant refused to consent to arraignment before a magistrate judge, the magistrate judge appropriately responded by continuing arraignment to a later date before the undersigned. Arraignment before the undersigned is NOTICED to occur Wednesday, August 5, 2020 at 4:00 p.m. at New Bern.

The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a non-exhaustive list of factors, such as the complexity of the case, continuity of counsel, and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B). Here, the court finds that the need not to unreasonably deny defendant continuity of counsel is such that the ends of justice served by continuance of initial appearance and arraignment outweigh the best

2

Case 7:17-cr-00134-FL   Document 79   Filed 07/06/20   Page 2 of 3

interests of defendant and the public in a speedy trial. Accordingly, delay from the foregoing continuances will be excluded from speedy trial computation.

SO ORDERED, this the 6th day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge